Because I believe that the lower court abused its discretion by denying the unopposed motion of the trustees, I respectfully dissent.
As noted by the majority opinion, the Ohio Supreme Court has held that "[w]hen construing provisions of a trust, [a court's] primary duty is to `ascertain, within the bounds of the law, the intent of the * * * settlor." See In the Matter of Brooke
(1998), 82 Ohio St.3d 553, 557, 697 N.E.2d 191, 194 (citation omitted). While a trust is normally structured for the care and provision of the beneficiary or beneficiaries, this court has recognized that a settlor's intent would normally include minimizing tax liability. See Wittenburg Univ. v. Waterworth
(1984), 13 Ohio App.3d 452, 455, 469 N.E.2d 970, 972.
In this case, the settlor quite clearly contemplated that the trust be used for the benefit of his children during their lifetime and to provide, after his children's deaths, for the further distribution of assets, rather than simply increasing or burdening the estates of his children. Even the majority acknowledges that the settlor in this case most likely never contemplated that none of his sons would marry and that none would have children, and likewise the settlor most likely never contemplated that the trust could impose a heavy tax burden on his sons' estates.
The settlor did contemplate, however, that unforeseen circumstances could arise after his death that might interfere with the salutary purpose of the trust. He therefore vested the trustees with "complete discretionary power with respect to the application of income and the use of principal under conditions and circumstances as they may exist in the future and which it [was] impossible for [him], as of [that] date, to clearly foresee." That his sons would be without issue at the time the trust was distributed was one of those unforeseen circumstances.
The lower court erroneously relied upon this court's decision in Schoeny v. The Central Trust Co., N.A. (July 22, 1987), Hamilton App. No. C86-0561, unreported, in rejecting the trustees' request. In Schoeny, the lower court ordered the administration of the trust in direct contravention of the terms that the settlor included in his will. The settlor indicated that the funds for the trust were to be invested according to the discretion of the trustee, and that each of the beneficiaries of the trust was to be paid $200 per month until the trust was depleted. The trial court ordered that the amount paid to each beneficiary be at least $200, that the amount should be increased "each year by an inflation factor based upon the Consumer Price Index," and that the trustee make new investments in high-yield securities.
One of the beneficiaries objected to this rewriting of the trust and appealed to this court. We held, "Neither the record before us nor Item 9 of the will manifests an intention on the part of the testator that the trust be administered by the trustee in the manner decreed by the court below." Accordingly, we held that the lower court abused its discretion in ordering the changes in the trust distribution.
Here, the requested amendment to the trust agreement furthers the purpose of the settlor rather than frustrating it. The trust agreement in this case contains no contrary language regarding the limited powers of appointment requested by the trustees.
Therefore, I would hold that the limited powers of appointment proposed by the trustees for Orville and Jeremy Simpson would be in accordance with the expressed intentions of the settlor, and that the trustees have established all that is necessary to warrant reformation of the trust to allow the powers of appointment. I would therefore reverse the judgment of the lower court and enter judgment in favor of the trustees.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Opinion.